Defendant-appellant Chadwick Myrick appeals from his conviction and sentence on three counts of complicity to commit Aggravated Trafficking. Myrick contends that there is insufficient evidence in the record to support his conviction and that his conviction is against the manifest weight of the evidence. Myrick also contends that the trial court erred by correcting an entry filed by the State that inadvertently dismissed one of the three charges upon which he was found guilty, when the State intended, instead, to dismiss the three charges upon which the jury could not unanimously agree. Finally, Myrick contends that it was prosecutorial misconduct for the prosecutors to threaten him, in the course of plea negotiations, with more serious charges, unless he would plead guilty to less serious charges.
We have reviewed the record, including audio and videotapes of the three transactions forming the basis for the charges, and we conclude that the evidence in the record establishes, beyond a reasonable doubt, that Myrick arranged and facilitated the three transactions for which he was convicted. We further conclude that Crim.R. 36 permits the correction of an obvious clerical mistake on the part of the State in having inadvertently dismissed one of the three counts upon which Myrick was found guilty. Finally, we conclude that it is not prosecutorial misconduct to threaten a defendant, in order to induce him to plead guilty to the offenses with which he has been charged, with the institution of more serious charges for which the State has substantial evidence.
Accordingly, the judgment of the trial court is Affirmed.
 I
On three different occasions in June, 1996, Detective Fred Meadows, an undercover officer with the Greene County Drug Task Force, contacted Myrick by telephone and arranged for the purchase of crack cocaine. On each occasion, Myrick showed up at the appointed time and place, and was either accompanied by, or later joined by, another individual who actually exchanged the crack cocaine for the money. On one of these occasions, Meadows asked the third person present how to contact him in the future, and was directed to contact him through Myrick. Audiotapes were made of the conversations between Meadows and Myrick, and a videotape recording was made of the second and third transactions.
Myrick was arrested and charged with three counts of Aggravated Trafficking. During the course of plea negotiations, the State offered to let Myrick plead guilty as charged, with the State's recommendation that he receive sentences of from 2~ to 10 years on each count, with two counts to run concurrently, and one count to run consecutively, for a total sentence of five to twenty years. The State indicated that if Myrick would not agree to do so, the State would seek a new indictment adding a specification that the offenses, all of which allegedly occurred at the same location, had occurred within 1,000 feet of school premises, thereby elevating the offense to a felony of the second degree.
When Myrick declined this offer, the State reindicted him in a six-count indictment. Added to the original charges were companion charges that, with respect to each of the alleged offenses, the offense had occurred within 1,000 feet of a school premises.
Following a jury trial, the jury was unable to agree with respect to the greater charges, evidently being divided on the question of whether the State had proven, beyond reasonable doubt, that the offenses had occurred within 1,000 feet of school premises. However, the jury returned a unanimous verdict finding Myrick guilty of the lesser charges. Thereafter, the State filed an entry dismissing three of the counts. It is clear that the State intended to dismiss the three counts upon which the jury could not agree; however, inadvertently, the State's entry purportedly dismissed two of the charges upon which the jury could not agree, and one of the charges upon which the jury had found Myrick guilty. Upon noticing its mistake, the State sought, and obtained, a correcting entry from the trial court. Myrick was ultimately sentenced upon the three counts for which he was convicted. From his conviction and sentence, Myrick appeals.
 II
Myrick's First and Second Assignments of Error are as follows:
 APPELLANT'S THREE CONVICTIONS FOR AGGRAVATED TRAFFICKING ARE BASED UPON INSUFFICIENT EVIDENCE.
 APPELLANT'S THREE CONVICTIONS FOR AGGRAVATED TRAFFICKING ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Myrick took the stand in his own defense, and claimed that he had been entrapped. He admitted that each of the drug purchases was arranged through him, and that he had advised each of the individuals who actually exchanged the crack cocaine with Detective Meadows where the transaction was to take place, and how much crack cocaine was involved.
In connection with his Second Assignment of Error, Myrick directs his argument toward his entrapment defense. He contends that the jury's finding that he was not entrapped is against the manifest weight of the evidence.
Entrapment is not available as a defense where government officials merely afford opportunities or facilities for the commission of the offense and it is shown that the accused was predisposed to commit the offense. State v. Doran (1983), 5 Ohio St.3d 187. In that case, the Supreme Court identified five factors relevant to the entrapment defense:
 1. The accused's prior involvement of any criminal activity of the nature charged;
 2. The accused's ready acquiescence to the inducement offered by the police;
 3. The accused's expert knowledge in the area of criminal activity charged;
4. The accused's ready access to contraband;
 5. The accused's willingness to involve himself in criminal activity.
We agree with the State that consideration of these factors weighs heavily against a conclusion that Myrick was entrapped. He admitted to prior cocaine use, the tape recordings showed his ready acquiescence to commit these offenses; Myrick showed a proficiency of knowledge with respect to the terms, weights and prices of illegal drugs; Myrick had no apparent difficulty in finding a source for crack cocaine; and Myrick was not at all reluctant to involve himself in the criminal activity.
We conclude that there is sufficient evidence in the record to support Myrick's conviction, and that his conviction is not against the manifest weight of the evidence. Myrick's First and Second Assignments of Error are overruled.
 III
Myrick's Third Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN REINSTATING A CONVICTION AND IMPOSING SENTENCE.
Crim.R. 6 provides, in pertinent part, that:
 "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."
It is clear from the circumstances that the State was intending to dismiss those counts upon which the jury could not reach a unanimous verdict, being content with the convictions of the three lesser offenses upon which the jury did reach a unanimous verdict. The counts upon which the jury could not agree were I, III and V. In the entry filed by the State, however, the counts dismissed were I, III and IV. We are satisfied that the trial court correctly properly invoked its power under Crim.R. 36 to correct this obvious clerical error.
Myrick's Third Assignment of Error is overruled.
 IV
Myrick's Fourth Assignment of Error is as follows:
 APPELLANT'S THREE CONVICTIONS FOR AGGRAVATED TRAFFICKING SHOULD NOT STAND DUE TO PROSECUTORIAL VINDICTIVENESS.
Myrick claims that he was the victim of prosecutorial vindictiveness in that he was threatened with indictment upon the more serious charges of aggravated trafficking within 1,000 feet of a school premises if he would not agree to plead guilty to the three counts of Aggravated Trafficking upon which he was then indicted.
Myrick does not contend that the State had no evidence to support the more serious charges. We cannot distinguish the State's conduct in threatening to charge a greater offense, for which it had substantial evidentiary support, from charging that greater offense initially and then offering to reduce it. In fact, if we were to hold that a prosecutor must first formally institute the strongest possible charges for which it has evidence, before it may offer to allow a defendant to plead guilty to lesser charges, that might unduly and unnecessarily complicate the plea bargaining process. We can understand that the prosecutor might find it more difficult, politically, to reduce the a charge that has already been instituted in exchange for a plea to a lesser charge, rather than to accept a plea to a lesser charge before the greater charge has been formally instituted.
As long as a prosecutor has a good-faith basis for charging a greater offense, we see no reason to preclude the prosecutor from offering to forego the greater charge in exchange for a plea to a lesser charge, even if the lesser charge is the only charge formally pending.
Myrick's Fourth Assignment of Error is overruled.
 V
All of Myrick's assignments of error having been overruled, the judgment of the trial court is Affirmed.
YOUNG, P.J., and BROGAN, J., concur.
Copies mailed to:
William F. Schenck
Robert K. Hendrix
David R. Miles
Hon. Thomas Rose